# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DALE BURGDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV284 HEA |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reconsider the March 6, 2015 Memorandum and Order, dismissing this action as legally frivolous [Doc. #7]. For the following reasons, the motion will be granted in part and denied in part.

### Background and Discussion

Plaintiff, an inmate at the Potosi Correctional Center, brought this 42 U.S.C. § 1983 action for alleged constitutional violations against the Missouri Department of Corrections and Terry Lawson (Assistant Warden). Plaintiff asserted that in 2013 defendant Lawson "forced [him] to work in the satellite kitchen, knowing that [he] had a medical lay-in not to lift more than 10 lbs. and NO repetitive use of right hand/wrist." Plaintiff further alleged that, as a result, he sustained serious physical injuries.

After reviewing the complaint pursuant to 28 U.S.C. § 1915, this Court dismissed plaintiff's claims against the Missouri Department of Corrections as barred under the Eleventh Amendment. In the instant motion for reconsideration, plaintiff concedes that the Missouri Department of Corrections is not subject to suit under 42 U.S.C. § 1983 and was properly dismissed.

In addition, the Court dismissed defendant Terry Lawson in her official capacity. Finding that the complaint was silent as to the capacity in which Lawson was being sued, the Court liberally construed the action as alleging only official capacity claims, and dismissed them as legally frivolous. Plaintiff does not challenge this ruling, but asserts that he had sued Lawson in both her individual and official capacities. Upon review, the Court sees that on page 3 of the complaint, above the defendant's name and address, plaintiff notes that he is suing Lawson in her official and individual capacities. Because plaintiff's claims against Terry Lawson in her individual capacity have not been considered by the Court, and because it appears that plaintiff has additional allegations he would like to assert against her, the Court will reopen this case and allow plaintiff to file an amended complaint as to defendant Lawson in her individual capacity.

The amended complaint shall be typed or legibly handwritten on a Court-provided form for filing a prisoner civil rights complaint. The Federal Rules

After reviewing the complaint pursuant to 28 U.S.C. § 1915, this Court dismissed plaintiff's claims against the Missouri Department of Corrections as barred under the Eleventh Amendment. In the instant motion for reconsideration, plaintiff concedes that the Missouri Department of Corrections is not subject to suit under 42 U.S.C. § 1983 and was properly dismissed.

In addition, the Court dismissed defendant Terry Lawson in her official capacity. Finding that the complaint was silent as to the capacity in which Lawson was being sued, the Court liberally construed the action as alleging only official capacity claims, and dismissed them as legally frivolous. Plaintiff does not challenge this ruling, but asserts that he had sued Lawson in both her individual and official capacities. Upon review, the Court sees that on page 3 of the complaint, above the defendant's name and address, plaintiff notes that he is suing Lawson in her official and individual capacities. Because plaintiff's claims against Terry Lawson in her individual capacity have not been considered by the Court, and because it appears that plaintiff has additional allegations he would like to assert against her, the Court will reopen this case and allow plaintiff to file an amended complaint as to defendant Lawson in her individual capacity.

The amended complaint shall be typed or legibly handwritten on a Court-provided form for filing a prisoner civil rights complaint. The Federal Rules

of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings the contents of which shall be limited as far as practicable to a single set of circumstances). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out in a simple, concise, and direct manner, not only his claims, but also the facts supporting these claims as to defendant Terry Lawson. Plaintiff is advised that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Moreover, in the section of the complaint entitled "Statement of Claim," plaintiff must set out, in separate numbered paragraphs and in a simple, concise, and direct manner, the specific facts relative to his claim(s) against Terry Lawson in her individual capacity. Plaintiff should not attach exhibits to his complaint. Plaintiff

risks dismissal of the instant action if he fails to comply with this Court's instructions.

Last, in his motion for reconsideration, plaintiff asks for an "advisory order" directed to defendant Lawson, stating, for example, that she should not engage in retaliation by conducting extra cell searches and generally harassing plaintiff. Plaintiff's request for an advisory order will be denied; if plaintiff has specific complaints against Lawson, he should clearly state them in his amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #7] is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that plaintiff seeks to reopen this case for consideration of his individual capacity claims against Terry Lawson; the motion is denied in all other respects.

**IT IS FURTHER ORDERED** that, the Clerk of Court shall mail plaintiff a prisoner civil rights complaint, and, within thirty days of the date of this Order and in accordance with the instructions set forth above, plaintiff shall file an amended complaint, on the Court-provided form, against Terry Lawson in her individual capacity.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice and without further notice to him.

Dated this 18th day of March, 2015

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE