# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DALE BURGDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV284 HEA |
| | ) | |
| TERI LAWSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel [Doc. #13]. Plaintiff asserts that he cannot afford counsel, his knowledge of the law is limited, and that his imprisonment will "greatly limit his ability to litigate." Plaintiff further asserts that the issues are complex and will require "significant research and investigation." Without counsel, plaintiff believes he will be disadvantaged. For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se

litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it is evident that plaintiff is able to present his claims against Terry Lawson, the sole named defendant. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #13] is **DENIED**, without prejudice.

Dated this 21st day of April, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE