UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DALE BURGDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-284-HEA |
| | ) | |
| TERI LAWSON | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 27]. Plaintiff filed Memorandum in Opposition to Motion for Summary Judgment [Doc. No. 27]. Defendant has filed a Reply in Support of the Motion for Summary Judgment [Doc. No. 232]. For the reasons set forth below, the motion is granted.

## Background

Plaintiff (Burgdorf) filed this action against Defendant (Lawson) under 42 U.S.C § 1983, alleging violations of the Eighth Amendment of the United States Constitution by Defendant. At the time of the alleged incident, Plaintiff was incarcerated at Potosi Correctional Facility where Defendant worked as the Functional Unit Manager for Housing Unit 4A. Plaintiff alleges that he was forced by Defendant to engage in work activities that he was medically restricted from,

causing further injury to his wrists, and that the Plaintiff was deliberately indifferent to his medical restrictions. Plaintiff seeks actual and punitive damages totaling $40 million dollars.

**Statement of Facts**

Plaintiff alleges that sometime in June or July of 2014, Defendant forced Plaintiff to work in a satellite kitchen. Plaintiff was told to push food carts, which weigh 400 – 600 lbs. Plaintiff told Defendant that he had a medical lay-in (work restriction) and was not allowed to lift weight in excess of 10 lbs. or to conduct repetitive motions with his right wrist due to an existing injury. Defendant determined that while Plaintiff did have a medical lay-in, the restrictions did not keep Plaintiff from working in the satellite kitchen or from pushing food carts. When Plaintiff disputed his ability to push the food cart, he was threatened that if he did not comply, he would be placed in Administrative Segregation, commonly referred to as "the hole." Plaintiff complied and reported to the satellite kitchen for duty where he was instructed to push the food cart. At some point, Plaintiff suffered injury to his left wrist when it was smashed between a steel door and a food cart. Plaintiff pushed the food cart using his right wrist, causing serious damage and complicating his previous injury.

The materials submitted by the Plaintiff reflect that Plaintiff filed an Informal Resolution Request (IRR) #PCC-14-1565 on November 19, 2014 [Doc.

28-6]. Also included is an Offender Grievance Appeal dated September 24, 2014 [Doc. 29-1]. The document number on the Offender Grievance Appeals is illegible. Both appear to reference the same situation, however, under the Missouri Department of Corrections procedure, the filing of an IRR predicates a grievance appeal. Therefore, the backwards dating on the two forms is incongruent. Plaintiff asserts in his Complaint that this discrepancy is due to the staff at the Potosi Correctional Center attempting to "cover this situation up," but provides no other details or evidence to support this contention.

Also filed with the Court is Informal Resolution Response for the IRR dated November 20, 2014. The response dismissed the IRR on the grounds that the filing violated Missouri Department of Corrections policy covering Informal Resolution Requests and Grievances (D5-3.2, Section III. K.1.) which states, "Any offender who wishes to file an informal resolution request, on a grievance issue, must do so within 15 calendar days from the date of the alleged incident." The response concluded, "[Plaintiff] failed to file this IRR within the proper time frame. Your IRR will be dismissed and your remedies will not be considered."

Defendant asserts that Plaintiff failed to comply with Missouri Department of Corrections policy and seeks summary judgment under Federal Rules of Procedure 56. Further, Defendant asserts the defense of qualified immunity.

**Legal Standard for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure states, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no express or implied requirement in Rule 56 that the moving party must provide evidence to negate the non-moving party's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The rule requires the non-moving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 325. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 323.

## Prison Litigation Reform Act

An inmate may bring an action in court against a correctional facility or its officers only after exhausting his or her administrative remedies. This requirement is mandated by the Prison Litigation Reform Act ("PLRA"), which states, "No action shall be brought . . . by a prisoner confined in any jail . . . until such administrative remedies are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust the administrative remedies of the correctional facility before

filing suit in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). If exhaustion was not completed at the time of filing, dismissal is mandatory. *Id.*

**Missouri Department of Corrections Offender Grievance Procedure**

The Missouri Department of Corrections requires that all Missouri inmates follow the same grievance procedure irrespective of the prison. The procedures are set out in the department manual "D5-3.2 Offender Grievances." There is a three-step process inmates are required to adhere to before their remedies are considered "exhausted." For clarity, relevant portions are set forth below:

> **Informal Resolution Request Process, § III. K(1)**
> "Any offender who wishes to file an informal resolution request, on a grievable issue, must do so within 15 calendar days from the date of the alleged incident."
>
> **Offender Grievance Process, § III. L(1)**
> "After completing the informal resolution request process, if the offender is not satisfied, she/he may obtain an Offender Grievance form from designated staff."
>
> **Offender Grievance Process, § III. L(4)**
> "A grievance must be filed within 7 calendar days after the offender receives the response on the Informal Resolution Request Form. Failure to do so will result in the complaint being abandoned."
>
> **Appeal, § III. M(1)**
> "If the offender wishes to appeal a grievance, the offender must submit the original Offender Grievance Appeal form to the grievance officer within 7 calendar days. Failure to do so will result in the appeal being considered abandoned."
>
> **Appeal, § III. M(12)**

> "After receiving the appeal response, the offender has exhausted the grievance process."

## DISCUSSION

The Plaintiff here has provided the Court with no evidence supporting his claim that he exhausted his remedies by following the administrative procedures afforded to him by the Missouri Department of Corrections. Plaintiff filed an IRR dated November 20, 2014, and it was dismissed as untimely by prison officials. To have met the deadline required, Plaintiff would have had to submit the IRR no later than 15 days after the alleged incident, which he claims occurred in June or July of 2014. The first required step by Plaintiff was not met, barring him from proceeding to the next two steps of the grievance process. Thus, as required under the Prisoner Litigation Reform Act, 42 U.S.C. 1997e(a), Plaintiff has failed to exhaust his administrative remedies in order to file his action before the Court.

The motion for summary judgment is granted under Federal Rule of Civil Procedure 56; therefore, it is unnecessary for the Court to consider Defendant's defense of qualified immunity.

## CONCLUSION

Based on the forgoing, the Court concludes that Plaintiff has failed to exhaust his administrative remedies and therefore there exists no genuine dispute of any material fact. Defendant's Motion for Summary Judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 27] is granted.

Dated this 7th day of March, 2017.

                                                _____
                                                    HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE